443 So.2d 666 (1983)
Wayne McELVEEN, Sheriff of Calcasieu Parish, Plaintiff-Appellee,
v.
CALCASIEU PARISH POLICE JURY and The Parish of Calcasieu, Defendants-Appellants.
No. 83-272.
Court of Appeal of Louisiana, Third Circuit.
November 15, 1983.
Writ Denied January 27, 1984.
*667 Michael H. Bercier, Lake Charles, for defendants-appellants.
William J. Doran, Baton Rouge, for intervenor-appellee.
Wallace A. Hunter, Baton Rouge, amicus curiae.
Fred A. Book, Jr., of Book & Thibodeaux, Lake Charles, for plaintiff-appellee.
Before FORET, STOKER and YELVERTON, Judges.
STOKER, Judge.
The issue in this suit is whether the Sheriff of Calcasieu Parish is the only official legally authorized to collect the occupational license tax levied by Calcasieu Parish. The Calcasieu Parish Police Jury passed an ordinance in which it designated the Parish Treasurer as the official collector of the parish occupational license taxes. Plaintiff, Wayne McElveen, Sheriff of Calcasieu Parish, contends that this action is both in violation of statutory law and unconstitutional. The Sheriff sued the Calcasieu Parish Police Jury and the Parish of Calcasieu, seeking (1) to enjoin them from collecting these taxes, (2) seeking to have the ordinance declared unconstitutional and (3) seeking a decree declaring the Sheriff of Calcasieu Parish to be the proper official to collect these parish taxes.
The Police Jury Association of Louisiana, Inc., intervened as a party-defendant.
After a trial on the merits, the trial court, finding for the Sheriff, ordered that a permanent injunction issue directed to defendants enjoining "them, their agents, employees and all other persons acting or claiming to act on their behalf, from collecting the Occupational License Tax of the Parish of Calcasieu". The trial court considered the Sheriff's prayer for a declaratory judgment as being moot in view of its decision on the permanent injunction. Defendants appeal, urging that the permanent injunction was improperly ordered and that the Parish has the authority to designate someone other than the parish sheriff as the official collector of the parish occupational license tax. The Louisiana Sheriff's Association, Inc. has filed an amicus curiae *668 brief on this appeal in support of plaintiff's position. We reverse.

FACTS
Prior to legislative action in 1981, certain occupational license taxes were levied by the State of Louisiana. Although payable to the Collector of Revenue for the State of Louisiana, the state license taxes were collected by the respective sheriffs in each parish of the State. Where parishes also levied occupational license taxes, the sheriffs also often collected such taxes for their parishes. In its 1981 session, the Legislature took the state out of the occupational license tax field. At the same time the Legislature took care to permit political municipalities and parishes of the State to continue to levy occupational license taxes.
On September 2, 1982, the Calcasieu Parish Police Jury adopted an ordinance designated No. 2379, which reads in pertinent part as follows:
"Section 1. In accordance with R.S. 47:341 and R.S. 47:342, the Parish Treasurer in and for the Parish of Calcasieu, Louisiana, is hereby designated as the official parish official whose duty it shall be to receive and collect the occupational license taxes due to Calcasieu Parish, Louisiana, commencing on January 1, 1983, and for each succeeding year thereafter."
This ordinance was adopted in view of the legislative action mentioned above, Act No. 567, Sec. 1, of 1981, which by its terms became effective January 1, 1982. Act 567 amended and re-enacted LSA-R.S. 47:341, 47:342, 47:397 and 47:401.
On December 21, 1982, Sheriff McElveen instituted this suit for injunctive relief and a declaratory judgment. He claimed that he alone pursuant to LSA-Const. Art. V, Sec. 27, as Sheriff and Ex-Officio Tax Collector of Calcasieu Parish, was the proper authority to collect the occupational license taxes of the parish. The Sheriff further contends that he was entitled to deduct the 15% commission for the collection of such license fees under LSA-R.S. 33:1423. Therefore, he sought to permanently enjoin the defendants from in any manner collecting these taxes, and to have the ordinance declared unconstitutional as well as a declaration decreeing the Sheriff of Calcasieu Parish to be the proper official to collect these taxes.
A hearing to show cause why a preliminary injunction should not issue was ordered for December 29, 1982. Apparently this hearing was waived, and all issues were heard at the trial on the merits for a permanent injunction held on January 31, 1983. Until the date of the trial, a series of temporary restraining orders were issued permitting defendants to collect the parish occupational license taxes but preventing them from disposing of any of the proceeds.
Upon completion of the trial, the trial court gave judgment in favor of the Sheriff and ordered that a permanent injunction issue against the defendants prohibiting them from collecting the taxes at issue. The judgment made no ruling on the Sheriff's prayer for declaratory judgment. In its oral reasons for judgment, the trial court stated the prayer for declaratory relief became moot in view of its action on the injunction.
In this conclusion, the trial court erred. Any decision on the issue of the permanent injunction necessarily involved deciding whether the Sheriff of Calcasieu Parish was the proper official in the parish to collect the taxes and necessarily included the question of whether the ordinance was constitutional. Because the entire record is before us, under our constitutional authority and in view of judicial economy, we decide these questions. Gonzales v. Xerox Corporation, 320 So.2d 163 (La.1975).
The central issue on appeal is whether or not the Calcasieu Parish Police Jury has the authority to designate someone other than the Sheriff of Calcasieu Parish as the Collector of the parish's occupational license tax. Preliminary to deciding this issue we consider whether the trial court erred in ordering a permanent injunction to issue against defendants.

*669 DID THE TRIAL COURT ERR IN ORDERING A PERMANENT INJUNCTION TO ISSUE?
The defendants urge that the trial court erred in ordering a permanent injunction to issue because there was no prima facie showing of irreparable injury in the plaintiff's petition and, therefore, the petition fails to state a cause of action for injunction. Although irreparable harm is the usual issue in an injunction proceeding, when the plaintiff is alleging the defendant is acting in violation of the law, there is no need to prove irreparable harm. Hays v. City of Baton Rouge, 421 So.2d 347 (La. App. 1st Cir.1982), writ denied, 423 So.2d 1166 (La.1982). The Sheriff clearly alleges in his petition that he has the sole authority, under LSA-Const. Art. V, Sec. 27, to collect the parish occupational license taxes and hence that the defendants are without lawful authority to designate any other person to perform this duty.
For this reason, the defendants' contention that the failure of the Sheriff to allege or show irreparable injury has no merit.
DOES THE CALCASIEU PARISH POLICE JURY HAVE THE AUTHORITY TO DESIGNATE SOMEONE OTHER THAN THE SHERIFF OF THE PARISH AS COLLECTOR OF THE PARISH'S OCCUPATIONAL LICENSE TAX?
Historically, the sheriffs of the State of Louisiana, or at least some of them, have collected the parish occupational license taxes and have been paid as authorized by law a commission for such collection. The state licenses and associated taxes were issued by and paid directly to the Collector of Revenue of the State of Louisiana. As we have noted by Acts 1981, No. 567, Sec. 1, which amended and re-enacted LSA-R.S. 47:341, 47:342, 47:397 and 47:401 the Legislature withdrew the State of Louisiana from the occupational license field. The principal purpose of Act 567 was two-fold, (1) to remove the State from the business of issuing occupational licenses and levying the taxes associated therewith, and (2) to preserve the right of local governments to issue such licenses and levy the associated taxes. The effective date of this act was January 1, 1982. No question had been raised by the Calcasieu Parish Police Jury concerning the collection authority under the occupational license tax statutes until the passage of Act 567.[1]
The plaintiff sheriff in this case grounds his claims on constitutional and statutory authority mentioned above, Section 27, Article 5, Constitution of the State of Louisiana of 1974 (LSA-Const. Art. 5, Sec. 27) and LSA-R.S. 33:1435(A). The constitutional authority provides in pertinent part:
"In each parish a sheriff shall be elected for a term of four years. He shall be the chief law enforcement officer in the parish, except as otherwise provided by this constitution, and shall execute court orders and process. He shall be the collector of state and parish ad valorem taxes and such other taxes and license fees as provided by law." (Emphasis added.)
LSA-R.S. 33:1435(A), which concerns public officers in municipalities and parishes, provides:
* * * * * *
"A. Except in the parish of Orleans, the sheriff shall be ex officio collector of state and parish taxes." (Emphasis added.)
The defendants contend that neither the constitutional provision nor the statute just quoted inhibit the appointment of other collectors of local government occupational license taxes, particularly under the 1981 legislative scheme.
As amended, LSA-R.S. 47:341 in pertinent part reads:
"C. Whenever in this Chapter reference is made to a state license, it shall be understood to refer solely to the license *670 issued by a local governmental subdivision. Whenever in this Chapter reference is made to the collector, it shall mean the person designated by the governing authority of the local governmental subdivision to be responsible for collection of the tax." (Emphasis added.)
In essence, the defendants urge that this statutory language changed the prior law and thus permitted them to designate a person other than the sheriff to be the collector of the parish occupational license taxes. The Calcasieu Parish Police Jury consequently adopted Ordinance No. 2379 in which it designated the Parish Treasurer to be the collector.
The plaintiff contends that to construe LSA-R.S. 47:341 as a grant of authority to the Parish to designate an occupational license tax collector other than the Sheriff of the parish would render it in conflict with LSA-Const. Art. V, Sec. 27 and LSA-R.S. 33:1435(A), and would be contrary to the intent of the Legislature in passing Act 567. Plaintiff asserts that the Legislature, despite the language of R.S. 47:341, did not intend to change the law with respect to who shall do the collecting but, instead, only intended to permit local governments to continue taxing.
There is no question that the constitution mandates that the parish sheriff be the collector of parish ad valorem taxes. As to other parish taxes and license fees the parish sheriff is to be the collector only where it is so provided by law. The occupational license tax is provided by law on a parish and municipal basis. Therefore, the Legislature has the authority to authorize the designation of someone other than the parish sheriff to collect parish occupational taxes.
LSA-R.S. 33:1435(A) mandates that the sheriff, by virtue of his office, be the collector of parish taxes. However, no reference is made in the statute to any particular taxes which must be collected by the sheriff. Reading this statute in conjunction with the constitution leads to the conclusion that the sheriff is the authorized collector of parish taxes unless other statutes specifically authorize the designation of someone else to act as collector.
LSA-R.S. 47:341 to R.S. 47:401, as amended by Act 567, specifically deal with the Occupational License Tax. The specific issue is whether these amendments, in addition to removing the State from and authorizing the parish to continue taxing for occupational licenses, also changed the law authorizing the parish to designate someone other than the sheriff to collect these taxes.
Prior to amendment, LSA-R.S. 47:397, which concerns the authority of local government subdivisions to levy taxes, provided in pertinent part:
"The tax collector, administrator of finance or any other officer, whose duty it shall be to receive and collect the taxes and money due to each municipal or parochial corporation, may enforce the collection of any and all taxes due within the same time and in the same manner that is now or may hereafter be provided for the collections of taxes due to the state."
As amended, LSA-R.S. 47:397(B), reads:
"B. The tax collector, administrator of finance, treasurer, or any other officer whose duty it is to receive and collect taxes within each local government subdivision may collect and enforce the collection of all taxes due under the provisions of this Chapter within the same time and in the manner now or hereafter provided by this Chapter."
The amendment makes no change in the substance of the law. It does not designate any particular officer as having the duty to receive and collect taxes due the parish. It merely provides that the officer who has this duty may collect and enforce the collection of these taxes. It is to be noted that such collection and enforcement by the officer is permissive rather than mandatory. To determine which officer has the duty to receive and collect such taxes clearly requires reference to another statute.
*671 Prior to amendment, LSA-R.S. 47:342 provided that "Except as otherwise expressly provided ..." payment of the first license tax levied was to be made to the "Collector of Revenue of the State of Louisiana". As amended LSA-R.S. 47:342(A) provides, in pertinent part, that such payment "Except as otherwise expressly provided..." is to be made "to the tax collector, administrator of finance, treasurer, or other officer, whose duty it is to receive and collect the taxes due to the local government subdivision ...". Again, in view of the amendment, to determine which officer has the duty to collect and receive such taxes requires reference to another statute.
Imposition of the occupational license tax is governed by LSA-R.S. 47:341. Prior to its amendment, the statute contained no provision for designating the collector of the tax imposed. However, as amended, the legislature added the following language in subsection (C): "Whenever in this Chapter reference is made to the collector it shall mean the person designated by the governing authority of the local governmental subdivision to be responsible for collection of the taxes." (Emphasis added.) The governing authority of Calcasieu Parish is the police jury. We find that these amendments changed the law.
The record indicates only that the general intent of the Legislature in passing Act 567 was to get the State out of the occupational license tax business and to permit local government to continue such taxing. There is no evidence contained in the record, other than the language of LSA-R.S. 47:341(C) itself, to indicate the intent of the Legislature insofar as which officer was to collect the tax. We find the language of LSA-R.S. 47:341(C) to be clear and unambiguous and we will not disregard the letter of it under the pretext of pursuing its spirit. Gill Trailer and Equipment Rentals, Inc. v. S. D'Antoni, Inc., 282 So.2d 714 (La.1973), cert. denied 415 U.S. 957, 94 S.Ct. 1485, 39 L.Ed.2d 572 (1974).
It is well settled that when two statutes are in conflict, the statute that is more specifically directed to the matter at issue must prevail as an exception to the statute that is more general. Smith v. Cajun Insulation, Inc., 392 So.2d 398 (La.1980). The Sheriff argues that the amendments provided under Act 567 are in conflict with LSA-R.S. 33:1435(A) which states that the sheriff is the ex-officio collector of parish taxes. The more general law is LSA-R.S. 33:1435(A); it concerns public officers in municipalities and parishes. On the other hand, the amendments provided under Act 567, namely LSA-R.S. 47:341, LSA-R.S. 47:342, LSA-R.S. 47:397 and LSA-R.S. 47:401 are the latest enactments of the legislature. Title 47 deals with revenue and taxation, and Chapter 3 of that title, encompassing LSA-R.S. 47:341 through LSA-R.S. 47:401, specifically concerns the occupational license tax.
We also agree with defendants that the language in LSA-R.S. 47:341(C), which allows local governing authorities to designate the person to be the tax collector, was not inserted with the intent of having no meaning. For a discussion of interpreting legislative intent, see our discussion in Legros v. Conner, 212 So.2d 177 (La.App. 3rd Cir.1968) at page 180.
Considering Art. V, Sec. 27 of the constitution, LSA-R.S. 33:1435(A) together with LSA-R.S. 47:342 and R.S. 47:397 in conjunction with, and in view of the clear and unambiguous language in LSA-R.S. 47:341(C), we hold that the Calcasieu Parish Police Jury has the authority to designate someone other than the Sheriff of Calcasieu Parish as the collector of the parish's occupational license tax. Parish Ordinance No. 2379 is valid and constitutional. The parish treasurer is the proper authority in Calcasieu Parish to collect the occupational license tax. The judgment of the trial court which ordered a permanent injunction to issue against defendants is reversed and the injunction is hereby dissolved and set aside. With respect to the declaratory relief sought by plaintiff in his petition and prayer, his demands are rejected, and a declaratory judgment is hereby granted in favor of defendants herein consistent *672 with the views expressed in this opinion.
All costs in this proceeding, both in the trial court and on appeal are assessed to the plaintiff-appellee.
REVERSED AND RENDERED.
NOTES
[1] The issue of whether Act 567 is constitutional in view of LSA-Const. Art. VI, Sec. 28 is not before us.