LOTTINGER, Judge.
Plaintiffs purchased property at a tax sale in 1969. In 1979, Dorothy Lozano Hubbs, et al, filed suit against plaintiffs to set aside and annul the tax sale because of a defect made by the parish assessor in the property description contained in the assessment and tax sale. In that suit, Hubbs v. Canova, No. 23,808 Eighteenth Judicial District Court, the trial court sustained the exceptions of res judicata and prescription filed by Canova and Pendley. On appeal the trial court’s judgment was reversed and it was held that the tax sale was a nullity, Hubbs v. Canova, 392 So.2d 486 (La.App. 1st Cir.1980). The Louisiana Supreme Court affirmed holding that the tax sale was a nullity. Hubbs v. Canova, 401 So.2d 962 (La.1981).
Plaintiffs then filed a third party demand against the State of Louisiana, the Iberville Parish Assessors Office, and the heirs of the assessor serving in 1968. Plaintiffs based their demand asserting damages in tort due to the negligence of the assessor in negligently describing the property subject to the tax sale. The defendants filed exceptions of no cause of action which the trial court sustained. In Hubbs v. Canova, et al., 427 So.2d 875 (La.App. 1st Cir.1982), this court affirmed the judgment of the trial court.
Plaintiffs then filed, the instant suit against the same defendants alleging the same facts as previously stated in the third party demand. Defendants filed exceptions of res judicata, prescription, and no cause of action. After a hearing on the exceptions the trial court dismissed plaintiff’s petition.
In appealing plaintiffs contend the trial court erred in sustaining the exceptions of no cause of action as to the State of Louisiana, the Iberville Parish Assessor’s Office and the heirs of the Iberville Parish Assessor.
Plaintiffs base their suit in tort alleging negligence on the part of the assessor in 1968 in the defective description of the property assessed and seek the actual value of the property. The true issue in this case is the amount that plaintiffs can recover, and from whom.
We are of the opinion that Article VII, § 25, La. Const. (1974) and Article X, § 11, La. Const. (1921) both pronounce the public policy of Louisiana that under the facts of this case all the purchaser at a tax sale can recover when the property subject of the tax sale is redeemed or the sale is declared a nullity is the tax sale price, including costs, five percent penalty, and interest at the rate of one percent per month until redeemed. This amount is paid either to the tax sale purchaser directly or to the tax collector. La.R.S. 47:2222. As such the law does not afford a remedy to the tax sale purchaser to recover the actual value of the property or to recover the *1293 prescribed amount from the State or the assessor.
Therefore, plaintiffs have failed to state a cause of action against these defendants, and the trial court judgment is affirmed at plaintiffs’ costs.
AFFIRMED.