Dear Sheriff Zerangue:
This office is in receipt of your opinion request requesting clarification of Attorney General Opinion Number 92-437. The request has been assigned to me for further research.
The conclusion of Attorney General Opinion Number 92-437 is that someone other than the sheriff may be designated to collect parish occupational license taxes. The opinion is in reliance upon the provisions of LSA-R.S. 47:431 and the decision of McElveen v. Calcasieu Parish Police Jury, 443 So.2d 666
(La.App. 3rd Cir. 1983); writ den., 444 So.2d 1222 (La. 1984).
The question of who is the proper party to be designated as collector of parish occupational license taxes seems, at first glance, to be governed by constitutional provisions. LSA-Const. Art. V, § 27 provides that the sheriff "shall be the collector of state and parish ad valorem taxes and such other taxes and license fees as provided by law." The quoted constitutional provision requires the sheriff to be the collector of ad valorem taxes, but does not require that he be the collector of all other taxes and license fees. The Legislature has the authority to designate which taxes may be collected by the sheriff or any other party provided that these taxes are not ad valorem taxes.
Although not determinative of the issue, it is interesting to review the transcripts of the constitutional convention regarding the dialogue concerning LSA-Const. Art. V, § 27:
 "Mr. Hayes Judge, does this prohibit anyone else from collecting taxes? Does it prohibit anyone else from collecting taxes in a parish?
 Mr. Dennis No, it does say that the sheriff will be the ad valorem tax collector. Beyond that, the legislature could change it and appoint other people as tax collectors."
We are also aware of the provisions of LSA-R.S. 33:1435(A) which state that the . . . "sheriff shall be ex officio collector of state and parish taxes", (excepting Orleans Parish). No reference is made therein as to which parish taxes must be collected by the sheriff. There are specific laws governing the imposition of occupational license taxes, and it is there one must look to determine which officer is bound to collect such taxes.
When this office rendered Attorney General Opinion Number 92-437, we were in reliance upon the reported decision of McElveen v. Calcasieu Parish Police Jury, supra. The court in McElveen held the police jury could designate someone other than the sheriff to collect parish occupational licensing taxes, basing its decision in part upon LSA-R.S. 47:341(C) then in effect. Former LSA-R.S. 47:341(C) provided:
 "Whenever in this Chapter reference is made to the collector it shall mean the person designated by the governing authority of the local governmental subdivision to be responsible for collection of the taxes."
Attorney General Opinion Number 92-437 is in error insofar as it may have inferred that the provisions of LSA-R.S. 47:431(C) are still current law. In fact, LSA-R.S. 47:431 was amended by Act1017 of the 1986 Regular Legislative Session and currently states:
 "A. Any municipality or parish shall have the right to impose a license tax on any person conducting any business herein enumerated within the territorial jurisdiction of the municipality or parish at a rate which shall not exceed the maximum tax rates set forth in this Chapter, provided that the imposition of such license tax is approved by two-thirds of the elected members of the municipal or parochial governing authority and after affording the public an opportunity to comment at a minimum of three public hearings.
 B. The tax collector, administrator of finance, treasurer, or any other officer whose duty is to receive and collect the taxes and money due to each municipality or parish may enforce the collection of any and all taxes due." (Emphasis added).
We are not, however, persuaded to change our conclusion in Attorney General Opinion Number 92-437. In Attorney General Opinion Number 88-73, the author addressed the effect of the amendment of LSA-R.S. 47:431 on the proper party to collect parish occupational license taxes and concluded:
 "Though amended, the language [of LSA-R.S. 47:431] bears the same implication the article contained prior to amendment, i.e. that someone other than the sheriff may be designated to receive and collect a tax. Therefore, the case of McElveen v. Calcasieu Parish Police Jury, 443 So.2d 666 (La.App. 3 Cir. 1983) is still a valid law and Opinion Numbers 82-360 and 82-306-A still fairly interpret the law applicable to the collection of parish occupational license taxes."
We find no jurisprudence contrary to the decision of McElveen, supra, nor do we find the absence of LSA-R.S. 47:431(C) to be a decisive factor. As stated in Attorney General Opinion Number 88-37, the statute by implication places within the local governing authority the ability to designate someone other than the sheriff as collector of parish occupational license taxes. We affirm the conclusions of Attorney General Opinions Numbers 88-73 and 92-437 and again determine that someone other than the sheriff may be designated by the governing authority to these taxes.
Should you have further questions concerning this matter, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 BY: KERRY L. KILPATRICK Assistant Attorney General
RPI/KLK 0166E