liSAUNDERS, Judge.
In this matter, a sequel to McElveen v. Calcasieu Parish Police Jxiry, 443 So.2d 666 (La.App. 3d Cir.1983), writ denied, 444 So.2d 1222 (La.1984), the Sheriff maintains that the repeal of LSA-R.S. 47:341(C) removed from the parish governing body any discretion as to whom it might appoint to collect parish occupational license taxes and parish liquor license taxes. Citing constitutional and statutory provisions and our McElveen opinion, the trial court concluded “that, in the absence of specific statutory language designating the sheriff as the collector of license and liquor taxes, a parish may always name its collector.” We affirm in part, reverse in part, and render.

FACTS

The St. Landry Parish Police Jury filed this declaratory judgment action against Sheriff Howard Zerangue seeking a judicial declaration as to which office or governing body is charged with the collection of certain taxes imposed by the |2police jury. The Attorney General has also filed a brief in light of the Sheriffs alternate arguments contesting the constitutionality of certain relevant statutes.
The facts are not in dispute. The Sheriff has been collecting the occupational license and liquor license taxes levied by the police jury and deducting the statutory commission provided by law.[1] The police jury is presently considering engaging one of its own employees or agents, rather than the sheriff, to collect these taxes. The sheriff contends that his is the sole office legally sanctioned to collect these taxes. The question presented is whether the policy jury is permitted to substitute for the sheriff another party to collect these taxes.

ANALYSIS

Constitutional Arguments:

LSA-Const. Art. V, § 27 provides as follows:
Sec. 27. Sheriffs
Section 27. In each parish a sheriff shall be elected for a term of four years. He shall be the chief law enforcement officer in the parish, except as otherwise provided by this constitution, and shall execute court orders and process. He shall be the collector of state and parish ad valorem taxes and such other taxes and license fees as provided by laxo.
This Section shall not apply to Orleans Parish.
(Italics ours.)
As did the sheriff of Calcasieu Parish in McElveen, the St. Landry Parish Sheriff contends that the Louisiana Constitution of 1974 *972 vests in him the sole authority to collect the taxes in question; however, as it pertains to parish tax collection efforts, the Constitution is quite clear.
“There is no question that the constitution mandates that the parish sheriff be the collector of parish ad valorem taxes. As to other parish taxes and license fees the parish sheriff is to be the collector only where it is so provided by law. The occupational license tax is provided by law on a parish and municipal basis. Therefore, the Legislature has thejjauthority to authorize the designation of someone other than the parish sheriff to collect parish occupational taxes.”
McElveen, supra, at 670. The language of our state’s Constitution has not been changed in any material respect, and neither has our opinion. We can no more subscribe to the St. Landry Parish Sheriffs argument than we could that of the sheriff of Calcasieu Parish in McElveen. The question therefore becomes one of statutory interpretation.

OCCUPATIONAL LICENSE TAX COLLECTION

As has been noted, Art. V, § 27 of the Louisiana Constitution of 1974 provides that the sheriff of a parish “shall be the collector of state and parish ad valorem taxes and such other taxes and license fees as provided by law." Because this dispute does not concern ad valorem taxes, we must determine whether the sheriff is the only party who might collect them, “as provided by law.” In the absence of countervailing authority, outside of Orleans Parish sheriffs are designated with the authority to collect the taxes.
LSA-R.S. 33:1435(A), specifying the duty of the sheriff in that regard, provides as follows:
Sec. 1435. Duty; holidays for office of the sheriff, parishes of Terrebonne and La-fourche
14A. Except in the parish of Orleans, the sheriff shall be ex officio collector of state and parish taxes.[2]
(Emphasis added.)
From the parties’ briefs, it is clear that both the sheriff and the police jury would agree that by default, the sheriff of a parish is the collector of all parish taxes in the absence of some statute authorizing the governing authority to assign those responsibilities to someone other than the sheriff. We also agree. Consequently, we must address a narrower question, viz., whether there exists some authority that might permit a police jury to override the sheriffs general authority to collect taxes.
On this point, the parties’ opinions diverge. The sheriff maintains that there is not, since LSA-R.S. 47:341(C), which played a significant part in our McElveen opinion, has been repealed. The police jury maintains that our conclusion in McElveen still obtains not withstanding the provision’s repeal.
Following repeal of Section C, LSA-R.S. 47:341 reads as follows:
Sec. 341. Imposition of tax; municipalities and parishes
A. Any municipality or parish shall have the right to impose a license tax on any person conducting any business herein enumerated within the territorial jurisdiction of the municipality or parish at a rate which shall not exceed the maximum tax rates set forth in this Chapter, provided *973 that the imposition of such license tax is approved by two-thirds of the elected members of the municipal or parochial governing authority and [5after affording the public an opportunity to comment at a minimum of three public hearings.
B. The tax collector, administrator of finance, treasurer, or any other officer whose duty is to receive and collect the taxes and money dm to each municipality or parish may enforce the collection of any and all taxes due.
(Emphasis added.)
The police jury seizes upon Section (B) as authority for it to name its agent for occupational tax collection purposes. The sheriff challenges this conclusion by alluding to certain changes in the law since McElveen was rendered. Specifically, he refers to the repeal of LSA-R.S. 47:341(C).
McElveen was decided in the wake of Acts 1981, No. 567, § 1, which amended and reenacted LSA-R.S. 47:341, 47:342, and other provisions.[3] As may readily be séen from the following extract, the two enumerated provisions played a major role in our decisions favoring the police jury:
“Prior to amendment, LSA-R.S. 47:342 provided that ‘Except as otherwise expressly provided ... ’ payment of the first license tax levied was to be made to the ‘Collector of Revenue of the State of Louisiana’. As amended LSA-R.S. 47:342(A) provides, in pertinent part, that such payment ‘Except as otherwise expressly provided ... ’ is to be made ‘to the tax collector, administrator of finance, treasurer, or other officer, whose duty it is to receive and collect the taxes due to the local government subdivision ... Again, in view of the amendment, to determine which officer has'the duty to collect and receive such taxes requires reference to another statute.
“Imposition of the occupational license tax is governed by LSA-R.S. 47:341. Pri- or to its amendment, the statute contained no provision for designating the collector of the tax imposed. However, as amended, the legislature added the following language in subsection (C): ‘Whenever in this Chapter reference is made to the collector it shall mean the person designated by the governing authority of the local governmental subdivision to be responsible for collection of the taxes’ (Emphasis added.) The governing authority of Calca-sieu Parish is the police jury. We find that these amendments changed the law.
|6“The record indicates only that the general intent of the Legislature in passing Act 567 was to get the State out of the occupational license tax business and to permit local government to continue such taxing. There is no evidence contained in the record, other than the language of LSA-R.S. 47:341(0 itself, to indicate the intent of the Legislature insofar as which officer was to collect the tax. We find the language of LSA-R.S. 47:341(C) to be clear and unambiguous and we will not disregard the letter of it under the pretext of pursuing its spirit. Gill Trailer and Equipment Rentals, Inc. v. S. D’Antoni, Inc., 282 So.2d 714 (La.1973), cert. denied 415 U.S. 957, 94 S.Ct. 1485, 39 L.Ed.2d 572 (1974).”
McElveen, supra, at 671 (Underline ours; italics in the original).
Because at the time we rendered McEl-veen, LSA-R.S. 47:342(A) required an “express” provision in the absence of which by default, LSA-R.S. 33:1435, supra, the sheriff would have been the designated collector of taxes, we concluded that “to determine which officer ha[d] the duty to collect and receive such taxes require[d] reference to another statute,” Id., at 671; and, because LSA-R.S. 47:341(C) at the time of McElveen expressly provided that the collector would be “the person designated by the governing authority of the local governmental subdivision,” we held that the Calcasieu Parish Police Jury was empowered to name a collector other than the sheriff.
As the Sheriff states, since McElveen, LSA-R.S. 47:341(0 has been deleted, leav *974 ing only subsections (A) and (B). Still, this does not end the inquiry, for LSA-R.S. 47:342(A) too has been amended. As noted above, that provision also played a central role in our McElveen opinion. At the time of McElveen, LSA-R.S. 47:342(A) imposed a higher threshold — an express provision — to removing from “the tax collector, administrator of finance, treasurer, or other officer, whose duty it is to receive and collect the taxes due to the local government subdivision.” The provision as amended lowered the threshold. Whereas LSA-R.S.. 47:342 formerly required an |7expression provision to override the general rule, today in pertinent part LSA-R.S. 47:342 provides as follows:
Sec. 342. General definitions
For the purposes of this Chapter, unless the context clearly otherwise requires or unless otherwise defined in speciñc portions of the Chapter, the following words shall have the respective meanings ascribed to each in this Section.
* ;H * * * *
(2) Collector. For the purpose of this Chapter, the “collector” is the tax collector, finance officer, treasurer, city clerk, or any other officer whose duty is to receive and collect the taxes and money due to each municipality or parish.
⅜ ⅜ ⅜ ⅜ ⅞: ⅜
(Emphasis ours)
The starting point for the interpretation of any statute is the statute itself; when the law is clear and unambiguous and its application leads to no absurd consequences, the law must be applied as written without further interpretation. Touchard v. Williams, 617 So.2d 885, 887-888 (La.1993). We hold that neither the law nor its context clearly designates some office other than “the officer whose duty [it] is to receive and collect the taxes” for the parish as set forth in LSA-R.S. 47:342(2). There being no clear or specific authority on the subject, by default the Sheriff of St. Landry Parish, as ex officio tax collector for parish government, LSA-R.S. 33:1435(A), is the only officer permitted by law to collect occupational license taxes in and for the Parish of St. Landry.
By virtue of recent legislative activity in the area, McElveen is overruled.

LIQUOR LICENSE TAXES

LSA-R.S. 26:274(A) provides:
Sec. 274. Local permits
_JgA. Parishes and municipalities may issue and require local permits similar to those issued by the commissioner and may charge and collect fees therefor.
* * * * * *
The sheriff contends that only he is lawfully empowered to collect parish liquor license taxes as there was no legislation specifically authorizing the designation of someone else to act as collector of those taxes. The police jury, on the other hand, believes that because no law can be found which expressly appoints the sheriff as collector of these revenues, implicit in LSA-R.S. 26:274(A) is the charging and collection of these fees by the parish governing body or its designee.
On this issue, we agree with the police jury. In McElveen, we stated:
“LSA-R.S. 33:1435(A) mandates that the sheriff, by virtue of his office, be the collector of parish taxes. However, no reference is made in the statute to any particular taxes which must be collected by the sheriff. Reading this statute in conjunction with the constitution leads to the conclusion that the sheriff is the authorized collector of parish taxes unless other statutes specifically authorize the designation of someone else to act as collector.”
Id., at 670. We conclude that LSA-R.S. 26:274(A) specifically authorizes the parish governing body, or its designee, to collect the alcoholic beverages taxes.

DECREE

For the foregoing reasons, the judgment of the trial court is reversed as to its conclusions concerning the collection of parish occupational taxes, and affirmed as to its conclusion with regard to the collection of fees for parish liquor licenses.
*975 AFFIRMED IN PART; REVERSED IN PART; AND RENDERED.
THIBODEAUX, J., concurs in part and dissents in part with written reasons.

. LSA-R.S. 33:1423 provides for a 15% commission.

. In his brief, the sheriff also cites the highlighted portion of LSA-R.S. 47:2051 provided below:
"The sheriffs of the several parishes of the state, the parish of Orleans excepted, shall be ex-officio collectors of state and parish taxes. There shall be one state tax collector for the city of New Orleans who shall be elected, at the time provided for the election of parochial officials, for the term of four years.
The tax collectors shall be the collectors of all parish and district taxes and shall have the same power to enforce the collection of parish taxes as to enforce the collection of state taxes.
The office of each tax collector shall be at the seat of the parish government; provided that the tax collector for the parish of Jefferson may maintain on the east banks of the Mississippi River, in said parish, an office for the collection of taxes, the expenses of maintaining said office to be paid by the parish of Jefferson."
However, this provision is not of primary concern, as it falls within a subtitle of Title 47 on the subject of Provisions Relating to Ad Valorem Taxes.

. Acts 1981. No. 567, § 1, also amended and reenacted LSA-R.S. 47:397 and 47:401, but these provisions played no role in McElveen. Furthermore, like LSA-R.S. 47:341(C), these provisions too have since been repealed and are insignificant for present purposes.