| THIBODEAUX, Judge,
concurring in part and dissenting in part.
I concur with the majority’s view that the Police Jury, under the authority of La.R.S. 26:274(A) may designate someone other than the sheriff to be the collector of liquor license taxes. I disagree with the majority’s conclusion that the Police Jury may not substitute for the sheriff another party to collect occupational license taxes. The majority’s determination that the sheriff is the only party who may collect these taxes is simply wrong. In my view, McElveen v. Calcasieu Parish Police Jury, 443 So.2d 666 (La.App.3d Cir. 1983), unit denied, 444 So.2d 1222 (La.1984) is still viable even after the amendment of La.R.S. 47:341 by Act No. 1017 in 1986.
[aArticle 5, § 27 of the Louisiana Constitution provides that the sheriff “... shall be the collector of parish and valorem taxes and such other taxes and license fees as provided by law.” (emphasis supplied). The St. Landry Parish Police Jury has not appointed the sheriff to be its collector as provided by law. It may appoint anyone it wishes and it properly appointed its own employee to perform that duty.
La.R.S. 47:341(B) allows several individuals to be able to properly collect the tax. That section states:
“The tax collector, administrator of finance, treasurer, or any other officer whose duty it is to receive and collect the taxes and money due to each municipality or parish may enforce the collection of any and all taxes due.”
The prerogative exercise by the St. Landry Parish Police Jury is amply supported by this statutory provision. Moreover, La.R.S. 47:342(2) provides that the “collector” is the “tax collector, finance officer, treasurer, city clerk, or any other officer whose duty is to receive and collect the taxes and money due to each municipality or parish.”
In my view, La.R.S. 47:342(2), contrary to the holding of the majority, augments, rather than detracts from, the authority exercised by the St. Landry Parish Police Jury.
For the foregoing reasons, I respectfully dissent.