hVICTORY, Justice.[1]
Marcus, J., not on panel. Rule IV, Part 2, § 3.
We granted certiorari to determine whether a parish governing body may designate someone other than the sheriff to collect occupational license taxes and liquor permit fees.[2] We find that the sheriff is the only officer permitted by law to collect occupational license taxes. However, a parish governing body may designate someone other than the sheriff to collect liquor permit fees.
PACTS AND PROCEDURAL HISTORY
For the past several years, the Sheriff of St. Landry Parish, Howard Zerangue, has been collecting occupational license taxes and liquor permit fees levied by the St. Landry Parish Police Jury, and has been deducting the 15 percent statutory commission provided by La.R.S. 33:1423. The Police Jury desires to engage one of its own employees to collect the taxes. However, Sheriff Zerangue contends that he is the sole officer legally entitled to collect them.
In June of 1993, the Police Jury filed a declaratory judgment action against Sheriff Zerangue, seeking a determination of the Police Jury’s and the Sheriffs collection rights and obligations. Following argument[3], the trial court entered judgment in favor of the |2Police Jury, finding that it had the legal power and authority to appoint a person other than the Sheriff to collect parish occupational license taxes and liquor permit fees.
Sheriff Zerangue appealed, and the Louisiana Third Circuit Court of Appeal, with one judge concurring in part and dissenting in part, reversed the trial court’s judgment on the issue of collection of occupational license taxes, but affirmed the trial court’s judgment on the issue of collection of liquor permit fees. St. Landry Parish Police Jury v. Zerangue, 94—394 (La.App. 3d Cir. 3/8/95); 651 So.2d 970. Both parties applied for certiora-ri, which we granted due to the importance of these issues to sheriffs and parish governing bodies statewide. St. Landry Parish Police Jury v. Zerangue, 95—0877 (La. 5/12/95); 654 So.2d 341; 95-0903 (La. 5/12/95); 654 So.2d 342.
PRINCIPLES OF STATUTORY INTERPRETATION
Whether the Police Jury may designate someone other than Sheriff Zerangue to collect these taxes hinges upon the interpretation of one constitutional provision and several statutory provisions. Thus, we preliminarily turn to the general codal and jurisprudential rules on statutory interpretation, which also apply when interpreting the Louisiana Constitution. La.Civ.Code arts. 9 et seq.; Succession of Lauga, 624 So.2d 1156, 1165 (La.1993).
When statutes are clear and unambiguous no further inquiry may be made into legislative intent. Courts must apply the law as written, unless the application would lead to absurd consequences. La.Civ.Code art. 9; Tarver v. E.I. du Pont De Nemours and Company, 93-1005 (La. 3/24/94); 634 So.2d 356; Moore v. Gencorp, Inc., 93-0814 (La. 3/22/94); 633 So.2d 1268; Ramirez v. Fair Grounds Corp., 575 So.2d 811 (La.1991). When statutory language is susceptible to different meanings, it must be interpreted as having the meaning that best conforms to the purpose of the law. La.Civ.Code art. 10; Smith v. Cajun Insulation, Inc., 392 So.2d 398, 400 (La.1980) (citations omitted). The words of a statute must be given their generally prevailing meaning. ^However, when the law involves a technical matter, words of art and technical terms must be given their technical meaning. La.Civ.Code art. 11. When the words of a law are ambiguous, their meaning must be sought by examining the context in which they occur and the text of the law as a whole. La.Civ.Code art. 12. Laws on the same subject matter must be interpreted in reference to each other. La. Civ.Code art. 13; Smith, supra.
DISCUSSION

Contentions of the Parties

At issue is the interplay between La. Const, art. V, § 27 and La.R.S. 33:1435. *390 Louisiana Const, art. V, § 27 provides, in pertinent part:
In each parish a sheriff shall be elected for a term of four years. He shall be the chief law enforcement officer in the parish, except as otherwise provided by this constitution, and shall execute court orders and process. He shall be the collector of state and parish ad valorem taxes and such other taxes and license fees as provided by law. (Emphasis added.)
Louisiana R.S. 33:1435 provides:
Except in the parish of Orleans, the sheriff shall be ex officio collector of state and parish taxes. (Emphasis added.)
Sheriff Zerangue claims that Art. V, § 27 vests him with the sole authority to collect state and parish ad valorem taxes, as well as the sole authority to collect all other state and parish taxes and license fees that are provided by law, including occupational license taxes and liquor permit fees. Alternatively, the Sheriff contends that if the Constitution only grants him the sole authority to collect state and parish ad valorem taxes, the legislature has, by virtue of La.R.S. 33:1435, “provided by law” that he has the general authority to collect all other state and parish taxes. Under this theory, Sheriff Zerangue argues that the only way the Police Jury may designate its own collector is if the legislature displaces his general collection authority by enacting a specific statutory provision authorizing the Police Jury to do so. Sheriff Zerangue | contends that no such designation has been made with regard to occupational license taxes or liquor permit fees. As such, he alone is legally entitled to collect the taxes.
The Police Jury agrees that Art. V, § 27 grants the Sheriff sole authority to collect ad valorem taxes. As far as other state and parish taxes are concerned, the Police Jury maintains that Art. V, § 27 grants no collection authority to the Sheriff. Rather, the Police Jury claims that Art. V, § 27 merely authorizes the legislature to enact statutes empowering the Sheriff to collect other state and parish taxes if it chooses to do so. The Police Jury contends that La.R.S. 33:1435 does not bestow general collection powers on the Sheriff. Rather, it applies as a default provision only when the legislature has failed to designate another collection body. According to the Police Jury, the legislature specifically vested it with the authority to collect occupational license taxes in La.R.S. 47:341 and 342, and with the authority to collect liquor permit fees in La.R.S. 26:74 and 26:274.

The Louisiana Constitution & La.R.S. 33:1435

Clearly, the unambiguous language of Art. V, § 27 grants sheriffs the sole right to collect state and parish ad valorem taxes. With regard to other state and parish taxes, Art. V, § 27 grants no authority to sheriffs. Rather, it authorizes the legislature to give sheriffs the power to collect other taxes.
This interpretation is supported by the following excerpts from the transcripts of the debates at the 1973 Louisiana Constitutional Convention, wherein James L. Dennis, chairman of the Judiciary Committee, explained the meaning of the phrase, “collector of state and parish ad valorem taxes and such other taxes and license fees as provided by law”:
Mr. Duval One other question, judge, you say that sheriffs shall be the tax collector for the parish. Would that imply sales taxes, also, rather than ad valorem, in addition to ad valorem taxes?
Mr. Dennis No. It clearly says he shall be the collector of state and parish ad valorem taxes and such other taxes and licenses as provided by law. So | gwhatever is provided by law at the present time would continue until the legislature changed that.
Mr. Duval Do you mean where the collection ... it’s a little unclear to me and it would imply that he could collect sales taxes cause that’s a tax provided by law.
Mr. Dennis But the collection of sales taxes is provided by law, also. In other words, the legislature has said who will collect each particular sales tax acts. And that it is our intention, that whoever is designated there will continue to collect those taxes until the legislature changes it. We, by saying that these taxes and such other taxes and licenses as provided by law, I think we clearly stated that.
*391 Mr. Duval So it is not your intention that the sheriff collect taxes that are otherwise provided now by statue [sic] to be collected by someone else.
Mr. Dennis That’s right. Now I think our provision states that clearly.
Mr. Bums Judge, just to bring it out a little more clearly. Did we not discuss at length with reference to the sheriff being the chief law enforcement officer, that we definitely did not intend to keep out of the state police or interfere with the city police chiefs or city police, but merely to, as you stated just now, that this would be a coordinating agency and not by any means diminish or interfere with the authority of the state police or the city police?
Mr. Dennis That’s correct, Mr. Burns. Thank you very much.
Mr. Hayes Judge, does this prohibit anyone else from collecting taxes? Does it prohibit anyone else from collecting taxes in a parish?
Mr. Dennis No, it does say that the sheriff will be the ad valorem tax collector. Beyond that, the legislature could change it and appoint other people as tax collectors.
Volume 6, page 933.
Imparting this interpretation to Art. V, § 27, we agree with the court of appeal that La.R.S. 33:1435 vests sheriffs with the general authority to collect all other state and parish taxes. Nevertheless, this general authority may be displaced by a specific statutory provision assigning the collection responsibility to someone other than the sheriff. Thus, we must determine whether there are specific statutory provisions displacing Sheriff Zerangue’s general authority, and giving the Police Jury the power to collect the occupational license taxes and the liquor permit fees.
[ 6Occupational License Taxes
To support its claim that the legislature gave it the ability to appoint its own agent to collect occupational license taxes the Police Jury relies upon La.R.S. 47:341 and 342(2), which currently provide:
§ 341. Imposition of tax; municipalities and parishes
A. Any municipality or parish shall have the right to impose a license tax on any person conducting any business herein enumerated within the territorial jurisdiction of the municipality or parish at a rate which shall not exceed the maximum tax rates set forth in this Chapter, provided that the imposition of such license tax is approved by two-thirds of the elected members of the municipal or parochial governing authority and after affording the public an opportunity to comment at a minimum of three public hearings.
B. The tax collector, administrator of finance, treasurer, or any other officer whose duty is to receive and collect taxes and money due to each municipality or parish may enforce the collection of any and all taxes due. (Emphasis added.)
§ 342. General definitions
For the purposes of this Chapter, unless the context clearly otherwise requires or unless otherwise defined in specific portions of the Chapter, the following words shall have the respective meanings ascribed to each in this Section.
[[Image here]]
(2) Collector. For the purpose of this Chapter, the “collector” is the tax collector, finance officer, treasurer, city clerk, or any other officer whose duty is to receive and collect the taxes and money due to each municipality or parish. (Emphasis added.)
From the underlined portions, the Police Jury implies that it has been given the authority to designate its own collector of occupational license taxes. Specifically, the Police Jury argues that the legislature must have intended for the parish to be able to appoint its own collector since it defined “Collector” to include the finance officer, treasurer, city clerk or any other officer. The Police Jury bolsters this argument by noting that the sheriff is absent from the definition’s list of possible collectors.
^Additionally, the Police Jury compares its ability to appoint an independent collector to that of a municipality. Municipalities are required to appoint a “clerk” and a “tax collector.” La.R.S. 33:386. The definition of *392 “Collector” of occupational license taxes recognizes this requirement by broadly listing traditional city officials therein, i.e., city clerk. Relying on this, the Police Jury contends that since a city may appoint its own collector, so may a parish.
For two main reasons, we do not read these statutes as the Police Jury suggests. First, the comparison between the authority of municipalities and parishes to appoint their own collectors is not convincing because the legislature has not given the Sheriff general powers to collect city taxes, as it has given him over parishes. La.R.S. 33:1435. Unlike parishes, the general collection authority of a municipality rests with the municipality (not the sheriff), which may appoint a collector without specific legislative authorization.
Second, if one examines the legislative history of these two statutes, and the case of McElveen v. Calcasieu Parish Police Jury, 443 So.2d 666 (La.App. 3d Cir.1983), writ denied, 444 So.2d 1222 (La.1984), it becomes apparent that the legislature did not intend to implicitly authorize parishes to appoint their own collectors. Prior to 1981, occupational license taxes were collected by the state and its parishes, and the sheriffs of each parish collected the taxes for both the state and the parish. In 1981, the legislature adopted Act No. 567, § 1, which amended and re-enacted La.R.S. 47:341, 47:342, 47:397 and 47:401, dealing with occupational license taxation. Under the new 1981 law, the state ceased levying occupational license taxes, but specifically authorized parishes to continue to do so. See former La.R.S. 47:397(B) and 47:342 (effective January 1, 1982). The new 1981 law also added a provision to La.R.S. 47:341, regarding collection of the taxes by the sheriff:
18(C) Whenever in this Chapter reference is made to the collector it shall mean the person designated by the governing authority of the local governmental subdivision to be responsible for collection of taxes.
In McElveen, supra, the court was faced with determining, under the new 1981 statutes, whether the Calcasieu Parish Police Jury could appoint someone other than the Calcasieu Parish Sheriff to collect occupational license taxes. Relying primarily upon new Subsection (C) of La.R.S. 47:341, the court held that the legislature intended to give the parish governing body the authority to appoint its own collector of parish occupational license taxes.
Subsequent to McElveen, supra, the legislature again amended La.R.S. 47:341 et seq. Acts 1986, No. 1017, § 1. Two particularly important changes were made by the 1986 Act. First, subsection (C) of La.R.S. 47:341 was repealed. Second, the definition of “Collector” was made a part of La.R.S. 47:342.
Subsection (C) of La.R.S. 47:341 was the only provision specifically authorizing the Police Jury to give collection powers to someone other than the Sheriff. The definition of “Collector” added in 1986 does not specifically authorize the parish governing body to appoint an officer to collect and enforce the collection of these taxes. Rather, it speaks in general terms about the party whose duty it is to receive and collect the taxes. Because subsection (C) of La.R.S. 47:341 was repealed, we conclude that the legislature disagreed with the result reached in McEl-veen, supra. Thus, as discussed above, it repealed La.R.S. 47:341(C) and enacted a broad definition of “Collector,” La.R.S. 47:342(2), designed to encompass municipal appointees, while preserving the Sheriffs general power to collect parish occupational license taxes under La.R.S. 33:1435.
Accordingly, we affirm the court of appeal’s finding that a parish governing body has not been given the specific legislative authority to designate someone other than the ^sheriff to collect occupational license taxes. Thus, Sheriff Zerangue is entitled to collect them on behalf of St. Landry Parish.

Liquor Permit Fees

The Police Jury derives its general authority to require liquor permits from La.R.S. 26:74, which provides, in pertinent part:
A. Parishes and municipalities may require annual permits and fees from dealers holding state permits under this Chapter. No parish or municipality shall require a *393 permit or fee except for establishments located within their territorial limits.
B. Parishes and municipalities requiring permits and fees may furnish the commissioner with a certified copy of the ordinance levying them and may require him to collect the permit fees under rules and regulations. The commissioner shall remit the amount of such fees collected by him quarterly to the parishes and municipalities for which collected, after deducting two per cent for collection costs. (Emphasis added.)
Additionally, La.R.S. 26:274(A) gives the Police Jury specific authority to require liquor permits for sellers of beverages with low alcoholic content:
Parishes and municipalities may issue and require local permits similar to those issued by the commissioner and may charge and collect fees therefor. (Emphasis added.)
The unambiguous language of these provisions indicates that the Police Jury has been given the power to charge and collect its own liquor permit fees. Thus, the sheriffs general power to collect parish taxes has been specifically displaced in this area. Based on the foregoing, we affirm the court of appeal’s finding that the legislature has specifically authorized a parish governing body to appoint someone other than the sheriff to collect liquor permit fees.
DECREE
For the foregoing reasons, the judgment of the Louisiana Third Circuit Court of Appeal is affirmed.
AFFIRMED.
WATSON, J., concurs in part and dissents in part, assigning reasons.
JOHNSON, J., concurs in result.

.Judge Lemmie O. Hightower, Court of Appeal, Second Circuit, sitting by assignment in the vacancy created by the resignation of Dennis, J.

. In parishes other than Orleans Parish.

. The parties jointly stipulated to the facts of this case.