Dear Mr. Miller:
On behalf of the Board of Commissioners of Caddo Parish Fire District Number Five, you have requested the opinion of this office regarding the collection of a service charge levied by the District pursuant to the authority of R.S. 40:1502.1.
It is our understanding that this service charge has historically been included on the tax bill by the Sheriff along with ad valorem taxes, but that the Sheriff (the tax collector for Caddo Parish) has experienced difficulty in collecting the service charge. Some tax debtors do not pay the tax bill at all, and some debtors pay their ad valorem taxes, but not the District's service charge. Furthermore, you have advised that the Sheriff takes the position that he is not empowered to enforce collection of the service charge in the same manner as ad valorem taxes. In other words, the Sheriff is not seizing and selling property which is the subject of delinquent service charges. Additionally, since the Sheriff is not seizing and selling property upon which the service charge is delinquent, the Board of Commissioners questions whether the Sheriff should charge the District the same amount for collection of the service charge as he would if were actually enforcing collection by seizure and sale.
Based upon your verbal advice, it is my understanding that the District is interested in determining whether it must use the Sheriff for collection of this service charge, or whether it can collect, and enforce, the service charge itself.
With regard to collection and enforcement of the service charge, R.S. 40:1502.1C pertinently provides:
 "(1)(a) The governing authority of any fire protection district assessing a service charge or rates of service charges for fire protection services as provided in this Section shall also have the authority to use any reasonable means to collect and enforce the collection of such service charges, including any means authorized for collection of taxes."
 "(2)(a) The governing authority of any such district shall have the authority to place liens for fire protection service charges upon the structure subject to the charge. . . ."
 "(2)(b) The governing authority may file a statement reflecting the amount of the unpaid charges in the mortgage office if the parish, which when so filed and recorded, shall operate as a lien and privilege in favor of the district against property as provided herein."
 "(2)(c) In addition, the governing authority of the district shall be entitled to recover the amount of said charges, together with all costs of court and attorney fees, by ordinary process . . ." (Emphasis added).
In our opinion, the foregoing statutory provisions grant the District the authority to collect "and enforce" collection of the service charge in the same manner as taxes are collected. In addition, particularly in light of the fact that R.S.40:1502.1C(2)(b) provides that the filing of a statement by the District "shall operate as a lien and privilege", it is our opinion that property which is the subject of delinquent service charges can be seized and sold by the District in the same manner as property which is the subject of delinquent ad valorem taxes,i.e., by seizure and sale. In accord: Atty. Gen. Op. No. 94-92.
It is our further opinion that the District is not required to use the Sheriff as its collection and enforcement agent, but could instead use its own employees, or a contractor. Our opinion in this regard is based upon the repeated statutory references to "the governing authority of the district" and the lack of reference to the Sheriff. See also: St. Landry Parish Police Juryv. Zerangue, 95-0877 (La. 11/27/95), 664 So.2d 388.
The District can, of course, utilize the services of the Sheriff to enforce and collect its service charges pursuant to a contract with the Sheriff, if the District and the Sheriff can agree on fee for the Sheriff services. Furthermore, if the Sheriff is acting as the District's collection and enforcement agent, we see no reason why the Sheriff cannot enforce collection of the delinquent service charges by seizure and sale.
We trust the foregoing to be of assistance. Please do not hesitate to write to us again if we can be of further assistance in other areas of the law.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: ________________________________ JEANNE-MARIE ZERINGUE BARHAM Assistant Attorney General
RPI:JMZB:jv