Dear Senator Barham:
You have requested an opinion of the Attorney General seeking clarification as to who is the elected official within a parish that is responsible for notifying the owner of property that there will be a tax sale of the property, and, who is responsible for paying the cost of the tax sale if the tax sale is later declared null and void. Attached to your opinion request were several documents relating to the assessment and tax sale of certain immovable property located in Union Parish, including a notice of cancellation of tax sale that was conducted due to the failure to pay real estate taxes but subsequently annulled and set aside.
As to who is the elected official in a parish responsible for notifying the owner of property of a tax sale, we must first determine the nature of the tax and who the collector of the tax is. According to the opinion request, the tax at issue is a tax on real estate, or, an ad valorem tax. La. Constitution ArticleV, Sec. 27 provides, in pertinent part:
 In each parish a sheriff shall be elected for a term of four years. He shall be the chief law enforcement officer in the parish, except as otherwise provided by this constitution, and shall execute court orders and process. He shall be the collector of state and parish ad valorem taxes and such other taxes and license fees as provided by law. (emphasis added)
LSA-R.S. 33:1435 provides that, except in the parish of Orleans, "the sheriff shall be ex-officio collector of state and parish taxes."
The Louisiana Supreme Court has interpreted the above provisions and, in so doing, concluded that the sheriff of a parish has the sole right to collect state and parish ad valorem taxes and has the general authority to collect other state and parish taxes. *Page 2 
However, this general authority to collect state and parish taxes that are not ad valorem taxes may be displaced by specific statutory provisions assigning collection responsibility to someone other than the sheriff. See St. Landry Parish PoliceJury v. Zerangue, 664 So. 2d 388, 95-0877 (La. 11/27/95).
Also, see LSA-R.S. 47:2051 which provides for the designation of tax collectors and states, in relevant part, as follows:
 The sheriffs of several parishes, the parish of Orleans excepted, shall be the ex-officio collector of state and parish taxes. There shall be one state tax collector for the city of New Orleans who shall be elected, at the time provided for the election of parochial officials, for the term of four years.
 The tax collectors shall be the collectors of all parish and district taxes and shall have the same power to enforce the collection of parish taxes and to enforce the collection of state taxes.
Based on the foregoing constitutional and statutory provisions, the elected sheriff of a parish possesses the right of collection of state and parish ad valorem taxes. The Sheriff, as the ad valorem tax collector, would also have the responsibility of providing notice of delinquency of such taxes.
LSA-R.S. 47:2171-2194 provides that the tax collector shall conduct tax sales, including the requirement that notice be given to each taxpayer who has not paid all the taxes which have assessed to him on movable or immovable property.
Specifically, R.S. 47:2180 provides that the tax collector shall notify the taxpayer, the record owner, or actual owner of the property that the delinquent taxes must be paid within twenty days after service or mailing of the notice. The notice must also state that the failure to comply with the notice and pay the delinquent taxes will result in the property being sold according to law.
It is therefore the opinion of this office that the sheriff of each parish, as the collector of state and parish ad valorem taxes, is the elected official within a parish responsible for notifying a property owner of a tax sale relating to delinquent ad valorem taxes.
You also ask who is responsible for the payment of costs associated with a tax sale that that is subsequently declared null and void. Please note that LSA-R.S. 47:2226 provides that no sale of property for taxes shall be set aside, except as provided in Section 25 of Article VII of the Constitution of 1974, which reads, in relevant part, as follows: *Page 3 
 (C) Annulment. No sale of property for taxes shall be set aside for any cause, except on proof of payment of taxes prior to the date of the sale, unless the proceeding to annul is instituted within six months after service of sale. . . . . . No judgment annulling a tax sale shall have effect until the price and all taxes and costs are paid, and until ten percent per annum interest of the amount of the price and taxes paid from date of respective payments are paid to the purchaser; however, this shall not apply to sale annulled because the taxes were paid prior to the date of sale.
Pursuant to LSA-Const. Art. VII, Sec. 25 and R.S. 47:2222, when property subject to a tax sale is declared a nullity, thepetitioner must pay to the tax purchaser or tax collector the tax purchase price, all taxes and costs of the sale together with interest at ten percent (10%) per annum on the amount of the price and taxes paid from date of each respective payments. SeeDockery v. J.H. DuPont, 635 So.2d 679, 93-1021 (La.App. 3 Cir. 4/6/94) and Canova v. State of Louisiana, 451 So.2d 1291 (La. 1 Cir. 1984).
It is therefore the further opinion of this office that the costs of a tax sale, that is later annulled pursuant to Art. VII, Sec. 25(C), is the responsibility of the party obtaining the declaration of nullity.
We trust that this answers your inquiry.
 Very truly yours,
 CHARLES C. FOTI, JR.
 ATTORNEY GENERAL
 By: ____________________________
 RICHARD L. McGIMSEY
 Assistant Attorney General