421 So.2d 347 (1982)
Helen HAYS
v.
CITY OF BATON ROUGE and Parish of East Baton Rouge.
No. 15089.
Court of Appeal of Louisiana, First Circuit.
October 12, 1982.
Writ Denied December 10, 1982.
*348 Leo J. Berggreen, Baton Rouge, for plaintiff-appellant Helen Hays.
Stephen R. Wilson, Baton Rouge, for defendants-appellees City of Baton Rouge and Parish of East Baton Rouge.
Before LOTTINGER, COLE and CARTER, JJ.
COLE, Judge.
Plaintiff, Helen Hays, is the lessee of a building located at 3142 North Boulevard in Baton Rouge and desires to operate a residential home for mildly to moderately retarded adults. In May of 1981 she began renovating the building and negotiating with City-Parish officials concerning the required permits. When she attempted to obtain her occupancy license in September of the same year, she was informed she would not be able to operate the "special home"[1] unless she obtained the signatures of 51% of the owners and occupants of all properties located within a 1,000 foot radius of the proposed facility. The requirement was mandated by a new amendment to section 2.201 of the City-Parish zoning ordinances *349 which had been effective since August 25, 1981.[2]
Ms. Hays filed suit against the City of Baton Rouge and the Parish of East Baton Rouge, seeking a declaratory judgment ruling the amendment to be invalid and also sought preliminary and permanent injunctive relief.[3] A summary hearing was held as to the injunctive relief only and the court denied the preliminary injunction. Plaintiff then filed this devolutive appeal.
Plaintiff raises only one issue on appeal: whether or not the amendment to section 2.201 of the zoning ordinances is valid. Defendants filed a motion to dismiss the appeal (which was referred to the merits) urging the amendment's validity was not an issue before this court because no ordinary proceedings had been conducted as to that issue. Defendants claimed the hearing was addressed to the injunction (rather than to the declaratory judgment)[4] and as such the only issue before this court is whether or not plaintiff proved irreparable harm so as to be entitled to an injunction.
Although irreparable harm is the usual issue in an injunction proceeding, when the plaintiff is alleging the defendant is acting in violation of the law, there is no need to prove irreparable harm. Haughton Elevator Division v. State, Etc., 367 So.2d 1161 (La.1979); Bardwell v. Parish Council, 44 So.2d 107 (La.1949); Caffery v. Powell, 320 So.2d 223 (La.App. 3d Cir.1975); Whalen v. Brinkmann, 258 So.2d 145 (La.App. 1st Cir.1972).
In the present case plaintiff alleged defendant acted illegally in refusing to grant her an occupancy permit in that the refusal was based upon an invalid ordinance. Plaintiff contends the city ordinance is in direct conflict with La.R.S. 28:476. Therefore, there was no need to prove irreparable harm and the applicability of state law was the major issue at the injunction hearing and is an appropriate issue here. Defendants' "motion to dismiss and or remand the appeal" is denied.
The "Group Home for Handicapped Persons Act" (La.R.S. 28:475-478) is a part of Louisiana's comprehensive Mental Health Law, (La.R.S. 28:1 et seq.). Section 476 declares it is the state policy to allow handicapped persons to "... live in the least restrictive environment in their own community and in normal residential surroundings...." Section 477(1) defines a community home as follows:
"`Community Home' means a facility certified, licensed, or monitored by the Department of Health and Human Resources to provide resident services and supervision to six or fewer handicapped persons. Such facility shall provide supervisory personnel in order to function as a single family unit but not to exceed two live-in persons." (Emphasis added.)
The crucial provision of the act is § 478(A) which states in order to assure a uniform statewide implementation of policy the, "... community homes are permitting (sic) by right in all residential districts zones (sic) for multiple-family dwellings." Appellant contends since the location of the proposed facility is zoned for multiple-family dwellings (A-3), the requirement of the 51% approval interferes with the facility being permitted "by right."
*350 We note it is not our purpose here to make a general declaration as to the validity of the ordinance. That is a matter to be decided on the merits after a full trial by ordinary proceedings. This is true even though the hearing on the summary proceedings to obtain the preliminary injunction may have touched upon or tentatively decided merit-issues. Smith v. West Virginia Oil & Gas Co., 373 So.2d 488 (La.1979); Haughton Elevator Division v. State, Inc., supra. Thus, we are limited to the narrower issue of whether or not the City-Parish ordinance, which requires approval of 51% of the residents for the establishment of this particular community home, is in violation of the state law. Considering the evidence in the record before us, we conclude it is not.
We reach this conclusion based upon a small but significant aspect of the state law. The state law guarantees group homes housing six or less residents are permitted by right in areas zoned for multiple-family dwellings. Ms. Hays testified at the hearing she had planned originally to house twelve residents but had reduced the number to seven. The state law does not require that group homes with more than six residents be permitted by right, therefore there is no conflict between the City-Parish ordinance and the state law, as they relate to this particular case.
Accordingly, we affirm the denial of the preliminary injunction. Our decision on the injunction is without prejudice to plaintiff's right to proceed to trial on the main demand. By ordinary proceedings involving a full scope of evidence presented by opposing sides, the trial court will be able to make a general declaration as to the validity of the ordinance or as to any of its several provisions.
Costs are to be paid by appellant.
AFFIRMED.
NOTES
[1] Special homes are defined in Section 2.110 of the City-Parish Zoning Ordinances as follows:

"Special Homes are those buildings other than institutions operated by a person or persons, society, agency corporation, institution or group licensed by the State wherein developmentally disabled persons may be housed, under the direct care at least two responsible adult persons on a 24-hour basis to assure that a responsible adult is on premises at all times in case of emergency; and such buildings and premises shall meet all City-Parish Building Codes, Fire Codes and Zoning Ordinance requirements and State Fire Marshal requirements prior to the issuance of any State permits for occupancy and/or operation. Property may not be rezoned for this purpose."
[2] Prior to the amendment, special homes were allowed in areas zoned A-1, with approval of 51% of the residents, and in A-3 and in R, with no requirement of approval. The amendment deleted the references to special homes in A-3 and in R. The 51% approval language was re-enacted for zone A-1 and certain fencing and parking requirements were added. The result of the amendment was to allow special homes in all zones (because anything allowed in A-1 is also allowed in the less restrictive zones) so long as the 51% approval was obtained.
[3] More specifically, she sought to have the defendants enjoined "from refusing petitioner authority to occupy said building at 3142 North Boulevard, upon compliance with section 2.203 of the City and Parish zoning ordinances...."
[4] The trial court stated in its reasons for judgment the declaratory relief was not being considered because it was not available by means of a summary proceeding. See La.Code Civ.P. art. 2592.