Dear Mr. Long:
You have requested an opinion from this Office regarding whether the City of Donaldsonville may enter into a ninety-nine-year lease of property that it received by donation with the River Road African American Museum. For the following reasons, this Office is of the opinion that such a lease, with two caveats, is permissible.
As you noted, the City of Donaldsonville is a Home Rule Charter community. In Lake Terrace Property Owners Ass'n v. City of New Orleans,567 So.2d 69, 73 (La. 1990), the Louisiana Supreme Court noted that "a home rule charter may include the exercise of any power necessary or proper for management of its affairs that is not inconsistent with general statutory law or the constitution."
As an initial matter, we are aware of no provision of the Donaldsonville Home Rule Charter that would prohibit the lease of surplus public property. Thus, we here analyze your question related to the validity of the proposed lease under the applicable general statutory law.
In order for such a lease to be valid, you must comply with the requirements of La.R.S. 33:4712. That law provides, in pertinent part (emphasis added):
 A. A municipality may sell, lease for a term of up to ninety-nine years, exchange, or otherwise dispose of, to or with other political corporations of this state, or private persons, at public or private sale, any property, or portions thereof, including real property, which is, in the opinion of the governing authority, not needed for public purposes.
 B. Except as otherwise provided in this Section, before disposition can be made of property under the provisions of this Subpart, an *Page 2 
ordinance must be introduced, giving the reasons for the action on the part of the governing authority, and fixing the minimum price and terms of the sale, lease, exchange, or other contract to be made with reference to the property . . . Thereafter, notice of the proposed ordinance must be published three times in fifteen days, one week apart, in a newspaper published in the municipality or, if there is no such newspaper, in a newspaper having a general circulation in the municipality, and if there is no newspaper of general circulation in the municipality, by posting in three public and conspicuous places in the municipality.
 C. Any opposition to the proposed ordinance shall be made in writing, filed with the clerk or secretary of the municipality within fifteen days after posting of the above notice or its first publication. If an opposition is filed, the governing authority shall not adopt the ordinance until a hearing has been held. If the ordinance is adopted, it shall not become effective until ten days after its passage, during which time any interested citizen may apply to the district court having jurisdiction of the municipality for an order restraining the disposition of the property. After the ordinance becomes effective, it cannot be contested for any reason.
Thus, it is the opinion of this Office that the term of the lease — ninety-nine years-is permissible. Another requirement of the statute is that the property cannot be needed for a public purpose. You have intimated that such is the case in your request letter, and, as that is a matter that must be decided by the City Council, we will examine it no further herein.
In order to effectuate a lease of such property, pursuant to the statute, the City Council must introduce an ordinance
 giving the reasons for the action on the part of the governing authority, and fixing the minimum price and terms of the sale, lease, exchange, or other contract to be made with reference to the property . . . (La.R.S. 33:4712(B)).
The introduction of this ordinance is to be followed by the publication of a notice "three times in fifteen days, one week apart" in the journals provided in the above-quoted statute. Id. Should no opposition to the notice be filed, in writing, by the end of the fifteen day period, the City Council can adopt the ordinance. If no judicial challenge is made within ten days after the adoption of the ordinance, *Page 3 
the City Council may proceed to execute the lease. If the ordinance is challenged, the matter must be set for a hearing.[1]
Thus, in answer to your initial question of whether the term of the lease is permissible, it is the opinion of this Office that a ninety-nine year lease is legal, subject to the caveats noted below. The first is that any such lease must be made pursuant to the procedure outlined in La.R.S. 33:4712.
The second caveat is that, in order to avoid running afoul of the prohibition against donations embodied in La.Const. Art. VII, Sec. 14(A), the rent must be for a fair price. La. Atty. Gen. Op. No. 05-0346. Thus, based upon the proposed lease that you included with your opinion request, which includes the rental for the subject property as $1.00 per annum, we are of the opinion that this does not appear to comport with the requirements for receiving a fair price for the lease. Should the amount be revised to reflect a fair price, [2] and should the City Council comply with La.R.S. 33:4712 as discussed above, we are of the opinion that such a lease would be valid.
One final caveat is necessary: Although such documentation was not provided to this Office, you must ensure that such a lease does not violate any terms of the original donation of the property to the City. Such a determination is one of fact upon which it would not be proper for this Office to opine. Thus, if there are terms in the original donation that make the subject lease suspect, we recommend that you seek a declaratory judgment from a court of competent jurisdiction as to the legality of the lease based upon the facts in the donation. *Page 4 
We hope this sufficiently answers your inquiry; however, if we may be of further assistance please do not hesitate to contact our office.
 Sincerely yours,
 JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
 BY: __________________________ RYAN M. SEIDEMANN Assistant Attorney General
 JDC/RMS/tp
[1] It appears that the City Council can pass the ordinance even if objections are voiced at a hearing. See, Lake Terrace Property OwnersAss'n, supra, at 72. Thus, the hearing appears to exist to provide the public the opportunity to comment on the proposed lease and to present information to the City Council and for the City Council to consider such information in its decision making process, but mere objection does not mandate that the Council abandon the lease plans. See also, AdamsIndustries, Inc. v. City of Monroe, 385 So.2d 896 (La.App. 2 Cir. 1980).
[2] We do note, however, that some provisions of your proposed lease require the lessee to remove a decommissioned petroleum storage tank from the property and to conduct environmental abatement of the site as well as to maintain the insurance for the property. Although we cannot opine as to whether the costs associated with these terms would be sufficient to raise the $1.00 per annum rent up to a fair price, we do believe that it is something that the City Council should consider if it decides to go forward with this lease. The courts have allowed nominal rents when other consideration is also provided and the value of the consideration in the proposed lease may be sufficient to pass muster in that regard. See e.g., Jurisich v. Hopson Marine Service Co., Inc.,619 So.2d 1111 (La.App. 4 Cir. 1993); Arnold v. Board of Levee Com'rs ofOrleans Levee Dist., 366 So.2d 1321 (La. 1978); City of New Orleans v.Disabled American Veterans, 65 So.2d 796 (La. 1953).